Dykman, J.—This
is an appeal from an order granting a stay of proceedings during the pendency of an appeal on the part of the defendants to the court of appeals.
The litigation at the trial and on appeal to the general term has resulted in favor of the plaintiffs, and while the general disposition of the courts is at all times favorable towards the allowance of full opportunity for the review of decisions of inferior courts, yet in the indulgence of such inclination the interests of the respondents must also receive protection.
The merits of this controversy are plainly with the plaintiffs, and the probability of the interposition of the appellate tribunal for the reversal of the judgment is very small. But even released from the stay the plaintiffs are not likely to take any measures in relation to the property involved that will be injurious or prejudicial to their own interest, and such interests in that respect are entirely harmonious with those of the defendants.
The reasons for the facilitation of an appeal by a stay of proceedings are therefore very much weakened and reduced in this particular case.
Moreover the disposition of the defendant Barnes manifested and exposed by the frauds which he has perpetrated against the rights of the plaintiffs seems to be such as to afford a full justification for all practical protection to their interests and property rights.
The prac'ical operation of the arrest of the plaintiffs’ proceeding pending the appeal seems to be to leave the defendant Barnes in the full possession of the property acquired by the Terminal Company, and the full control of that company much to the prejudice of the interests of the "plaintiffs. In fact the stay deprives them of the fruits of their victory and renders the property of the Terminal Company in which they have so large and important an interest entirely unproductive and unprofitable.
Our conclusion is that the discretion of the court was unwisely exercised in the granting of the stay, and that the order should be reversed with ten dollars costs and disbursements, and the order denied with ten dollars costs.
After the appeal to the court of appeals a motion was made on behalf of the defendants to strike out from the findings of the trial judge these words-. “The said capital stock was so issued fraudulently and without any consideration paid or received therefor.”
This finding formed the foundation for an important part of the relief afforded by the judgment of the trial court and enforced and perpetuated by *871 the general term and was fully justified and sustained by the developments upon the trial.
The motion to strike out the finding was therefore very properly denied, and we do not discuss the validity of the reason assigned for the decision. The ■order made was just and proper and should be affirmed, with ten dollars costs and disbursements.
Dykman and Pbatt, JJ., concur.